09-2666-ag
Melnikov v. Holder

BIA
Vomacka, IJ
A088 427 021

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of August, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

———————————————————————————————

ALEXANDER ALEXEYEVICH MELNIKOV,
> *Petitioner,*

v.                                                    09-2666-ag

                                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

———————————————————————————————

FOR PETITIONER:        Alexander J. Segal, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Civil Division; Jennifer Paisner Williams, Senior Litigation Counsel; Lindsay E. Williams, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Alexander Alexeyevich Melnikov, a native of the former U.S.S.R. and a citizen of Uzbekistan, seeks review of a June 3, 2009, order of the BIA, affirming the February 3, 2009, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alexander Alexeyevich Melnikov*, No. A088 427 021 (B.I.A. June 3, 2009), *aff'g* No. A088 427 021 (Immig. Ct. N.Y. City Feb. 3, 2009). We assume the parties' familiarity with the underlying facts and procedural history.

In the circumstances of this case, we review both the BIA's and the IJ's decisions. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

**I.     Due Process Claim**

Melnikov asserts that his due process rights were violated because the IJ was biased and failed to conduct a proper hearing. However, the record is without support for

2

his contention. Contrary to Melnikov's arguments, the IJ gave him an opportunity to litigate the timeliness of his application, and did not erroneously deny Melnikov's application on his failure to submit biometrics in a timely manner. The IJ properly referenced regulations that require the completion of biometric identification prior to any grant of relief, *see* 8 C.F.R. § 1003.47(c), and went on to consider Melnikov's application and deny it on the merits. Melnikov also contends that the IJ improperly considered his mother's asylum application and relied upon her actions in the courtroom in denying his claim for relief. However, it was Melnikov who put his mother's asylum application into contention; and insofar as his mother's actions in the courtroom had bearing on Melnikov's demeanor, the IJ could properly consider them in making the credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (demeanor is a relevant consideration in a credibility determination). Finally, to the extent Melnikov contends he was denied due process by the IJ's speculation about the government of Uzbekistan, the IJ properly considered the evidence before him and made reasonable implausibility findings supported by the record. *See Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir. 2007).

Accordingly, the IJ afforded Melnikov an opportunity to be heard at a meaningful time and in a meaningful manner and, thus, did not violate his due process rights. *Burger v. Gonzales,* 498 F.3d 131, 134 (2d Cir. 2007).

**II.  Adverse Credibility Determination**

Substantial evidence supports the IJ's adverse credibility determination, *see Corovic,* 519 F.3d at 95, including: (1) inconsistencies in Melnikov's accounts of the past harm he suffered at the hands of the police in Uzbekistan; (2) the omission from his asylum application of allegations that his father was interrogated and physically harmed by the police and that Melnikov was injured after a beating by the police; and (3) the implausibility of several aspects of his claim, including the allegation that police were continuing to look for him in Uzbekistan over eight years after he left the country with the government's permission. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  The IJ did not err in declining to credit the explanations Melnikov offered for these discrepancies. *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005).  Having called his credibility into question, the IJ reasonably considered the lack of corroborating evidence available to rehabilitate Melnikov's

testimony.  *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir. 2006).

Because the only evidence of a threat to Melnikov's life or freedom depended on his credibility, the IJ's adverse credibility determination was fatal to his application for both withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

